In re Portland Injury Institute, LLC Jim Hendry appearing for appellant Stephen Wilker appearing for appellees Alright, Mr. Hendry, if you wish to reserve any time Yes, I'd like to reserve two minutes if I could You may Two minutes Thank you It's my pleasure, your honors, to represent Dr. Ben Doe A licensed chiropractor in the state of Oregon Dr. Doe formed the debtor, Portland Injury Institute In December of 2018 as a chiropractic clinic In 2019, Mr. Vladimir Golubin and his company, Platinum Management Became involved with the debtor Mr. Golubin and Platinum Management is not licensed in any capacity And cannot have in his possession protected healthcare information He's not a covered entity under HIPAA In Oregon, the debtor is a chiropractic clinic Cannot be majority owned by anyone other than a licensed chiropractor Because of Mr. Golubin's involvement in the clinic And because of the business practices of Mr. Golubin Dr. Doe shut the doors of the clinic in October of 2019 Mr. Golubin took possession of the patient records And locked Dr. Doe out of the clinic Because Dr. Doe could not reach a business closure agreement with Mr. Golubin Dr. Doe filed for judicial dissolution of Portland Injury Institute In Multnomah County, Oregon in May of 2020 Mr. Golubin countersued in that lawsuit And because of the claims brought by Mr. Golubin And other employees of the clinic Dr. Doe filed for bankruptcy protection of the debtor in January of 2021 Because the debtor in this case did not have the assets to defend the claims This appeal deals with Judge Herser's order Approving the sale of the assets of the chiropractic clinic To a non-chiropractor Vladimir Golubin and his company Platinum Management Who is not a covered entity under HIPAA This was not an arm's length transaction Which was approved by the trustee in the court in this case The original asset purchase agreement Which was presented to the court Was illegal and was in violation of HIPAA Even though the amended asset purchase agreement Which is before this court Says it is not We raised seven issues on the appeal But really is there only two Did the court abuse its discretion in approving the sale Without an evidentiary hearing Which the court originally seemed to want To have evidence presented on the terms of the sale And we're going to argue in this case Good faith that was not present in this case Did the court abuse its discretion in approving the sale Without a good faith and fair dealing analysis Or an equitable analysis under the Fitzgerald case On the first issue on the HIPAA claims Violation of HIPAA can lead to fines Malpractice claims And or loss of medical license Both the debtor and Dr. Doe Share liability for violations of HIPAA The amended purchase agreement Provides for sale of Excuse me counsel My question is Isn't Dr. Doe Insulated under these circumstances Since he's not selling anything The estate is selling it He doesn't have to worry That he in fact has transferred anything No, under our analysis of the HIPAA HIPAA's laws Dr. Doe could be held liable As the medical practitioner in this case The clinic itself And Dr. Doe Share liabilities under HIPAA In our opinion So wouldn't he then have a cause of action Against the trustee If the trustee pursuant to a court order Did something that was in violation of the law Potentially yes He could under these circumstances But that does not necessarily Insulate himself from liability In this case as well Or his medical license The amended purchase agreement Also in itself Is inconsistent in that it provides That all the tangible personal property Of the Including the computers And the accounts receivables As well as all the books and records Are being transferred to platinum management In Vladimir Gullivan Who is not a covered entity But doesn't it also provide that the purchase assets Do not include any Individually identifiable Health information or protected health information As those terms are used in HIPAA In order to Understand the issues between the two Parties here The dispute arose over the sale of the accounts receivable Mr. Gullivan wanted Possessions of the accounts receivable To collect those business debts In this case Dr. Doe Opposed that because he could only Possess those accounts receivable As being a covered entity And refused to turn those over to Mr. Gullivan In the asset purchase agreement Itself the accounts receivable Are being sold to Mr. Gullivan So the agreement itself is inconsistent And ambiguous as it relates To those terms It's our position that Mr. Gullivan Having possession of the patient files Intends on collecting on the Accounts receivable as the Possessor of those assets And there's nothing in the amended asset Purchase agreement which prohibits him From doing so Clearly by its own Terms the computers have HIPAA information and the Accounts receivable have HIPAA Information in all the books and records Dr. Doe and the debtor are Left without protection from This sale because There is no indemnity provision Which is normally a part of these Types of sales The laboratory partners case which we cited In our brief is clear that HIPAA Protected information can only be Sold with patient consent Which is not in this case And To a covered entity Which Mr. Gullivan is not In this particular case The court erred when it did not require Patient consent for the transfer Of the protected health information APA provides full liability For the debtor and Dr. Doe Without sufficient protection Or compensation for that I'll turn now to our second main Argument which is the good faith and equitable Analysis This is again not an arm's length transaction Dr. Doe and Mr. Gullivan Were involved in a very bitter dispute At the time that this was filed As a chapter 7 filing Let me ask Why isn't it an arm's length transaction The sales between a chapter 7 trustee And Mr. Gullivan Mr. Gullivan and the chapter 7 trustee Don't have any prior relationship, do they? Mr. Gullivan and the trustee Do not Dr. Doe and Mr. Gullivan Do But the trustee is the seller Correct, the trustee is the seller In this case and it's our position That the trustee did not investigate Or make an independent analysis And evaluation under the Fitzgerald case Because I have for the court Five examples of bad faith By Mr. Gullivan That were involved in this transaction But counsel, haven't we Held in the In Ray Thomas case that a finding Of good faith is not an essential Element for the approval of a sale Under 363B Well, in Under 363 there is a safe harbor Provision that provides That there is Should be a good faith analysis No, it doesn't provide that there should be It provides that if there is A finding then it may moot an appeal Of the sale After the sale has been concluded But what we held in Thomas was an actual finding Good faith is not an essential element Of a sale, rather Such a determination usually becomes important With respect to potential mootness When an appeal is taken from the order Authorizing the sale Isn't that what we said? I agree Thank you In this particular case There were five examples of Bad faith by Mr. Gullivan Which should have been taken into account by a court Through an evidentiary hearing Which was denied to our client in this particular case Mr. Gullivan has the Protected health information Council Okay, there's bad faith But are you trying to tie The two arguments together? Are you saying the bad faith makes it not arm's length? No Okay, so Okay, continue Gullivan had The protected patient health information Filed when he locked Dr. Doe out of the Clinic and took the control Of the patient's files and attempted to Collect accounts receivable Which was a HIPAA violation going into the transaction In the court record It's clear that the patient Health information was never turned over to The trustee in this particular case Up until the end of the court Proceedings over the amended purchase agreement Mr. Gullivan concealed his Intention to only purchase the claims Against Dr. Doe to benefit himself Solely The dispute between Dr. Doe and Gullivan Was about the collection of the accounts receivable Which is why Gullivan desired But couldn't accomplish because of HIPAA Which is the way the original APA Was written Gullivan's employment If Accounts receivable can't be collected Without HIPAA information And if HIPAA information Wasn't transferred So the buyer Mr. Gullivan can't use it Didn't the trustee Get a great deal? The trustee Did not get a great deal In this particular case because there was not An evaluation of what exactly he was Purchasing under those circumstances The trustee could never Realize As I understand your argument you're basically saying These accounts receivable are radioactive Because the trustee can't collect them I disagree with that Mr. Gullivan can't collect them There's obviously this overlay Of litigation Around them I'm just struggling with why this is such a What investigation is necessary here In his business judgment He's looking at a huge problem He solved it with a not insubstantial payment Right? It created liability for himself And my client as a result Of doing so And so the trustee did not Get a good The trustee has a bond If he's done something untoward Your client can do something about it I disagree with your notion I agree with Judge Gann's point Your client didn't sell them Your client objected to the sale It's I don't think you want to sit here And say he has liability Given all those defenses that you would assert But go on What observation and a question I'm just struggling with your argument The opposition to the sale Did charge the court With the ultimate responsibility To assure that optimal value Was realized by the state Not liabilities to my client As a result of the sale Finally with regard to the bad faith by Mr. Gullivan Mr. Gullivan's employment claims Against Dr. Doe Are based upon an allegedly fraudulent Operating agreement between Mr. Gullivan and Dr. Doe Mr. Gullivan also fraudulently Claimed ownership with the Secretary of State's office over the debtor At least twice before the Filing with the court Under the Fitzgerald case there is a heightened Duty of the bankruptcy court to make an Independent analysis and evaluation In the all too familiar Situation of a trustee selling to a Defendant the estate's causes Action against that defendant And that's where the good faith analysis In this particular case is Necessary Excuse me counsel but the causes of Action weren't sold to the defendant The defendant in that instance is Dr. Doe And they weren't sold to Dr. Doe They were sold to Mr. Gullivan, right? Correct So that means that the analysis that you're Relying upon Is when the actions are purchased By the target In this instance that would be Dr. Doe He wasn't the purchaser Potentially In this particular case there were claims That Dr. Doe has against Mr. Gullivan As well and those have been brought Out in the adversary actions which have Been filed in this case Mr. Gullivan didn't purchase Dr. Doe's claims against himself Did he? He only purchased The claims of the estate against Dr. Doe Correct Thank you In this case we believe the court should use Its powers to Remand the case to the bankruptcy Court to conduct an Evidentiary hearing on the terms Of the amended purchase agreement And also to determine whether Or not a fair and equitable analysis To allow Dr. Doe To overbid in this particular case Which the court also did not extend The deadlines to allow Dr. Doe to Present an overbid I see my two minutes is just about ready So I'll now go ahead and allow Mr. Wilker to speak to you Thank you very much Excellent time management So with that Mr. Wilker Good morning Your honor May I please Report Stephen Wilker For Vladimir Gullivan And Vladimir Magnus This case Is about An agreement that doesn't exist The agreement that does exist And that the court approved Is an agreement that By its very terms And without any doubt The entire argument That Dr. Doe presents is based On there being Personal health information as part of the Transfer of assets And that was expressly and explicitly Concluded As a result There is no argument Legitimate argument Legitimate fear And I think as your honor There is no legitimate fear to Dr. Doe Or even to the debtor Of potential liability And that underlays the entire Argument So counsel Mr. Wilker The issue with regard to the evidentiary Hearing was about the question Of this personal health information And you believe that The resolution Of the final version of the APA Took that issue out of Any kind of question that would require Further evidentiary presentation Yes your honor The court expressed Had expressed some Concern initially at the initial hearing We made it Clear and made it clear In the amendment that we were not Purchasing personal health information And Mr. Hendry In his opening comments Gave you a lot of facts that go well Beyond the record in this case About his view of the events Let me be clear We challenge and disagree with Most of that characterization But what was quite clear here Is that Dr. Doe was solely interested In delaying these proceedings Offering up a Deposition more than two months After the initial hearing This was simply an Attempt by Dr. Doe to defer And delay We took that issue off the table by making it Even clearer than we thought we had initially That there was no PHI in this deal Initially you were Willing to buy it provided the requirements Were satisfied, right? Correct But you bought computers And you bought accounts receivable, right? We bought whatever assets They had to deliver to us So long as they don't include So if there was A computer that had that information Embedded on it, you didn't get it? Correct That's the terms of the sale? Yes The card out for PHI Was unconditional and unambiguous There was nothing illegal About purchasing the assets As was made clear to the court We were interested in the avoidance actions Against Dr. Doe Those don't require PHI And we have not Asked for PHI, we have not been delivered PHI We simply seek to pursue The avoidance actions, those matters Are now pending as Mr. Hendry indicated In the bankruptcy court And with a trial date scheduled in May So maybe Counsel, could you address the second Issue that he's raised and that is the question That there's a necessity That the court make a finding of good faith In order to allow the sale to be completed There is not As your honor pointed out The case on which he relies Is a case in which the defendant Is buying the claim to eliminate it And I think There's a separate issue here Which is not present, which is Dr. Doe never made any competing bid Not In advance of the deadline, not after the deadline Never committed to making A bid And in these circumstances, what the trustee was considering Was in his business judgment I have an offer of money Versus I have an offer of nothing And It was Well within his business judgment And his discretion to Believe that that Was the best and most appropriate Offer for the estate And so Unlike some of the other cases Where the courts are dealing with competing bids That have different kinds of Evaluative markers Are you getting a piece of future recovery Are you getting a sum certain How do I weigh the two Versus An offer of cash versus An offer of nothing No offer No commitment to make an offer Simply an attempt, if I don't get my way with the objections I'd like the opportunity Then later on To try and outbid And with all due respect That's not how this process is Or should work Dr. Joe wants to both have his cake and eat it too As they say And The objection's not well founded Because the concern raised about HIPAA is a red herring The agreement expressly And unambiguously excludes it There's nothing illegal about it I do want to point out that the Bankruptcy partners case from Delaware Doesn't say any such thing That Mr. Henry said It involves an assertion by the government In a case in which there was An express sale of a customer list As to whether or not the buyer Was a covered entity or not The issue Ultimately wasn't litigated Wasn't decided It was simply the position that the government Took that the court had to deal With the issue There's nothing in that case That applies in this circumstance And in fact There's no case If you look at their ER site It's to the brief or an objection Submitted by the government Not to the decisional authority of the court The other point I want to make And just to make sure that was raised In the reply Which is this notion that Joe is free to raise New arguments on the field That were not raised aloud And I think It's important There are no exceptions That would justify such a failure To raise an issue At the trial court There were multiple hearings Before the bank Before the judge Reached and entered His findings on the record As a result There's nothing that prevented Dr. Doe from making Whatever arguments he believed Were appropriate under the circumstances Or expressly asked for A particular determination In the authorities that they Cite Argues that there Was some Supervised, super plain error Rule that would give the court The authority to reach beyond what was Yes, the bankruptcy court Primarily Have authority and have the obligation To assure that the code is being Properly applied But it's not this panel's job As an appellate panel To decide Issues that weren't presented To the bankruptcy court below When there are no exceptional circumstances There would be no extraordinarily Miscarriage of justice And there's been no change in the law Under those circumstances Those arguments Shouldn't be considered at all And unless the panel Has further questions for me I don't have anything further than my remarks this morning I don't have any further questions Thank you Thank you for your argument Alright Mr. Henry, you have two minutes Yes, and I probably won't use All the two minutes, but I do want to Emphasize to the court The major thrust of our appeal is whether or not The court abused its discretion In approving the sale without an evidentiary hearing In this particular case Through an evidentiary hearing We believe we would be able to Prove that Mr. Gollivan was in possession Of protected health information Was intending to utilize That information to attempt to Collect the accounts receivable And show that Mr. Gollivan was not acting In good faith and this transaction Was not fair and equitable under the circumstances Judge Herscher initially Did see the need For an evidentiary hearing We were prepared to present The evidence to him and to the trustee Which would show that this transaction Was not fair, equitable Or in good faith in this particular And posed A serious question of liability Both for the trustee and Dr. Doe It was through the lack of An evidentiary hearing that this sale Was allowed to go through with the adjustments To the APA which we believe Did not solve the problem Because the APA in itself Is ambiguous and Illegal because it necessarily Includes protected health Information. There is no way That you can collect the accounts receivable Of a chiropractic clinic Which that asset was sold to Mr. Gollivan Without protected health Information being utilized The social security numbers, the date of birth All the information regarding The health services of the chiropractor Are contained within that information And that was specifically Purchased as part of the assets And transferred to Mr. Gollivan And through the evidentiary hearing We would be able to show that Mr. Gollivan Was already in possession of those assets And was going to utilize Those assets in violation Of HIPAA which makes this A clearly illegal agreement I thank you all for listening to me this morning And I appreciate your time. Thank you Thank you very much For your good arguments on both cases We will take this matter into submission Alright, well let's call The last matter for this morning
judges: TAYLOR, BRAND, GAN